IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARYL JONES, ALICE LAMAR, )<br>And SARAH ROMERO, )<br>On behalf of themselves and all others )<br>Similarly situated, )<br> )<br>Plaintiffs, )<br> )<br>v. ) Case No. 14-cv-2112-TJJ<br> )<br>WYANDOT INC., et al., )<br> )<br>Defendants. ) | |

## **ORDER**

Plaintiffs bring suit against Defendants on behalf of themselves and others similarly situated, seeking unpaid overtime wages, liquidated damages, costs and attorneys' fees under the Fair Labor Standards Act ("FLSA"). This matter is presently before the Court on Plaintiffs' Unopposed Motion for Order Conditionally Certifying Settlement Class, Approving Collective Action Settlement, Directing Distribution of Class Notice and Distribution of Settlement Funds, Appointing Settlement Class Representatives, Approving Class Counsel Attorneys' Fees and Class Representative Incentive Pay and Dismissing Unnecessary Parties and Claims (ECF No. 31). Plaintiffs seek approval for settlement purposes of a collective action settlement that resolves, subject to final Court approval, all claims against Defendant Wyandot Center and dismisses the remaining Defendants, Wyandot, Inc., PACES, Inc. and Kim Wilson Housing Inc. without prejudice from this litigation. In support of their motion, the parties submitted the following four exhibits:

Exhibit A – Settlement Agreement and Full Release of All Claims with Damages Model spreadsheet

      Exhibit B – Proposed Notice of FLSA Collective Action Settlement

      Exhibit C – Proposed FLSA Opt-in Consent to Join

      Exhibit D – IRS W-9 Form and Instructions (to be sent along with Notice)

Based on its review of the Motion and the above-listed exhibits, the Court concludes that it does not have sufficient information to determine whether the proposed FLSA settlement is fair and reasonable. In particular, based on what has been filed, the Court cannot determine whether the amount of attorney's fees sought by Plaintiff's counsel, which is approximately one-third of the common fund, is reasonable.

The FLSA requires that settlement agreements include an award of reasonable attorney's fees and the costs of the actions.[1] Although the FLSA fee award is mandatory, the Court has discretion to determine the amount and reasonableness of the fee.[2] When a common fund is created by settlement, courts have applied one of two methods to determine reasonable attorney's fee awards: a percentage of the fund or the lodestar method.[3] The Tenth Circuit applies a hybrid approach, which combines the percentage fee method with the specific factors traditionally used

---

[1] 29 U.S.C. § 216(b); *Barbosa v. Nat'l Beef Packing Co., LLC,* No. 12-2311-KHV, 2014 WL 5099423, at *5 (D. Kan. Oct. 10, 2014); *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012); *Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011).

[2] *Barbosa*, 2014 WL 5099423, at *5.

[3] *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995).

to calculate the lodestar.[4] In all cases, the Tenth Circuit requires that courts consider the twelve factors set out by the Fifth Circuit's opinion *Johnson v. Georgia Highway Express, Inc.*[5]

The twelve *Johnson* factors for whether attorney's fees are reasonable are: (1) the time and labor required, (2) the novelty and difficulty of the questions presented in the case, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorneys due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[6]

In this case, the Court finds the parties' motion fails to address the twelve *Johnson* factors, which the Tenth Circuit has indicated must be considered. The motion also lacks any evidentiary support for the amount of the proposed attorney's fee award, such as billing records and affidavits showing the hourly rate(s) and hours expended on the litigation.[7]

---

[4] *See Gottlieb v. Barry*, 43 F.3d 474, 482–83 (10th Cir. 1994) ("Our approach has been called a 'hybrid' approach, combining the percentage fee method with the specific factors traditionally used to calculate the lodestar.").

[5] 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See Rosenbaum*, 64 F.3d at 1445 ("In all cases, whichever method is used, the court must consider the twelve *Johnson* factors."); *Gottlieb*, 43 F.3d at 483 (same).

[6] *Johnson*, 488 F.2d at 717–19.

[7] *See Fulton v. TLC Lawn Care, Inc.*, No. 10-2645-KHV, 2012 WL 1788140, at *5 (D. Kan. May 17, 2012) (court approved FLSA settlement where plaintiffs submitted attorney and paralegal time sheets, affidavits from labor and employment lawyers practicing in the area and a table of expenses to support their request for attorney's fees); *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *5 (D. Kan. Jan. 5, 2011) (record was not sufficient for the court to determine whether the amount of proposed attorney's fees was

Based upon the motion and exhibits presented, the Court finds the record is insufficient for it to determine whether the amount of the proposed attorney's fees is reasonable. The Court therefore orders the parties, on or before February 27, 2015, to supplement the motion with briefing addressing the twelve *Johnson* factors set out above, as well as evidentiary support for the amount of the proposed attorney's fee award.

**IT IS THEREFORE ORDERED** that the parties are required to supplement the motion on or before **February 27, 2015**.

IT IS SO ORDERED.

Dated January 26, 2015, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

reasonable due to lack of information regarding the amount of time spent or a reasonable hourly rate for each attorney).