# EXHIBIT D

## Karen Brokesh

| | |
|---|---|
| **From:** | Teresa A. Mata |
| **Sent:** | Thursday, November 13, 2014 5:13 PM |
| **To:** | 'r.paulus@hpelaw.com' |
| **Cc:** | Deryl Wynn; Karen Brokesh; 'b.coughlin@hpelaw.com' |
| **Subject:** | Jones v. Wyandot Center - Settlement Docs |
| **Attachments:** | 6273298-Final Unopposed Motion for Order Approving Settlement - redlined.DOCX; 6275189-Final Order Approving Motion to Approve Settlement - redlined.DOCX; 6273889-Final Settlement Agreement and Release - redlined.DOCX; 6273869-Final Notice of FLSA Collective Action Settlement - redlined.DOCX; 61M2820-11-7-14 Consent to Join Collective Action and Settlement Including Release of All Claims.DOCX; 61X2469-W-9 - blank form.PDF; 6284028-Potential Class List Not to be filed with the Court.PDF |

Ryan,

Attached are our redlined changes which include your redlining from yesterday. Once you accept the changes to the word documents, you have our permission to file these with the Court.

The class list is not to be filed with the court as it is for your information. Let us know if you have questions.

Thanks,



Teresa A. Mata
Attorney at Law
McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
Direct Line: 913-573-3386
Main: 913-371-3838
Fax: 913-371-4722
tmata@mvplaw.com
www.mvplaw.com

CONFIDENTIALITY NOTICE: This message, and any accompanying documents, are confidential and are only meant for the intended recipient or entity to which it is addressed. This message may contain attorney-client privileged information and/or attorney work product which is protected from disclosure under applicable law. This information is not intended to be forwarded to any unauthorized persons or any third party. If you are not a named addressee, you are bound by this confidentiality provision and therefore unauthorized to read, copy this message, or otherwise use or distribute, and advise you to immediately remove yourself and delete this message and any attachment from your system. If you received this message in error, please immediately notify us by telephone. Any information obtained in error, inadvertent disclosure, or otherwise contained herein shall not constitute a waiver of any privilege or protection. Do not copy, distribute or otherwise disseminate this message or any attachment by any means. Thank you for your cooperation. McAnany, Van Cleave & Phillips, P.A. Attorneys at Law Since 1901. Kansas City, Kansas office (913) 371-3838.

1

## SETTLEMENT AGREEMENT AND FULL RELEASE OF ALL CLAIMS

The parties to this Settlement Agreement and Release of Claims ("Agreement") are Wyandot Center for Community Behavioral Healthcare, Inc. ("Wyandot Center") and Daryl Jones, Alice Lamar and Sarah Romero ("the Named Plaintiffs"), for themselves and on behalf of those persons who filed a consent to join the lawsuit *Jones, et al. v. Wyandot Center for Community Behavioral Healthcare, Inc., et al.* Case No.: 14-cv-02112-CM-TJJ, currently pending in the United States District Court for the District of Kansas (the "Litigation"). Throughout the course of the Lawsuit, Wyandot Center has been represented by Deryl W. Wynn and Teresa A. Mata of McAnany, Van Cleave & Phillips, P.A. and the Named Plaintiffs have been represented by Ryan M. Paulus of Hollingshead, Paulus & Eccher ("Class Counsel").

## I.   DEFINITIONS.

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all of its exhibits, including the Notice of FLSA Collective Action Settlement and the FLSA Opt-In Settlement Consent Form.

1.   **"Agreement"** means this Settlement Agreement and Full Release of All Claims and the terms outlined herein.

2.   **"Claims Administrator"** means Wyandot Center and/or legal counsel for Wyandot Center, McAnany, Van Cleave & Phillips, P.A., while conducting the claims administration of this Agreement. The parties agree that Wyandot Center and/or legal counsel for Wyandot Center will perform all of the duties customarily performed by a Claims Administrator, including:

    (i)   Mailing the "**Class Notice Documents**" to FLSA Collective Class Members;

    (ii)   Notifying the Parties of timely or untimely, proper or improper returns of "Class Notice Documents" by the FLSA Collective Class Members;

    (iii)   Calculating the amounts due to each participating FLSA Qualified Class Member;

    (iv)   Processing all payments to FLSA Qualified Class Members and other distributions of the Global Settlement Amount; and

    (v)   Notifying the Parties of, and resolving any disputes regarding claims by the FLSA Collective Class Members.

3.   **"Class Counsel"** means Ryan M. Paulus of Hollingshead, Paulus & Eccher.

4.     "**Class Notice Documents**" means (1) Notice of FLSA Collective Action Settlement; (2) Order Approving Settlement; (3) this Agreement; (4) FLSA Opt-In Settlement Consent Form; (5) necessary tax document, *i.e.*, an IRS Form W-9; and (6) a self-addressed, postage prepaid return envelope.

5.     "**Dismissed Parties**" means Wyandot, Inc., PACES, Inc. and Kim Wilson Housing Inc.

6.     "**FLSA Approval Date**" means the date the Court enters the Order Granting Approval of the FLSA Settlement, in substantially the form attached as **Exhibit A**.

7.     "**FLSA Approval Order**" means the Order Granting Approval of Settlement, attached as **Exhibit A**, authorizing the distribution of notice forms, attached as **Exhibit B**, to the FLSA Collective Class Members, and authorizing the distribution of the FLSA Opt-In Settlement Consent Form, attached as **Exhibit C**, for all FLSA Collective Class Members.

8.     "**FLSA Collective Class Members**" of the "**FLSA Covered Position**" are defined as all Case Managers who were employed by Wyandot Center at any time during the preceding two-year period from the date the FLSA Opt-In Settlement Consent Forms are filed by defense counsel with the Court after the notice period closes pursuant to the Court's _____, 2014 Order (Dkt. No. ____).

9.     "**FLSA Covered Period**" means the preceding two-year period from the date the FLSA Collective Class Members' FLSA Opt-In Settlement Consent Forms are filed with the Court.

10.     "**FLSA Notice**" means the Notice of FLSA Collective Action Settlement approved by the Parties and subject to Court approval in substantially the same form as **Exhibit B**, which the Claims Administrator shall distribute to the FLSA Collective Class Members.

11.     "**FLSA Plan of Allocation**" means the pro rata apportionment of the Anticipated Global Settlement Amount based on the overtime worked by each FLSA Collective Class Member employed by Wyandot Center as a Case Manager during the FLSA Covered Period, with a maximum amountindividual payments agreed to herein, applied to the Global Settlement Amount based on a formula taking into account the number of full work weeks (Monday through Friday) worked by you during the FLSA Covered Period, the stipulated number of hours of overtime worked and the stipulated overtime compensation rate. See the Damages Model, attached as **Exhibit D**.

12.     "**FLSA Qualified Class Members**" means each of the FLSA Collective Class Members who the Claim Administrator determines is entitled, pursuant to the terms of the Agreement, to receive a portion of the Global Settlement Amount, and who submits a timely and valid FLSA Opt-In Settlement Consent Form that is signed and

{6273889.DOCX; 1}                    2

completed in its entirety, and is filed with the Court. All Plaintiffs who have opted into this matter as of the date of this Agreement and also timely returned their executed W-9, will be deemed FLSA Qualified Class Members if they worked as Case Managers during the FLSA Covered Period.

13.    "**FLSA Released Claims**" means any and all wage and hour and wage payment claims, which any FLSA Collective Class Member may have against any of the Released Parties during the FLSA Covered Period, whether known or unknown, as a result of actions or omissions during the preceding two-year period from the date the FLSA Collective Class Members' FLSA Opt-In Settlement Consent Forms are filed with the Court, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to the Fair Labor Standards Act, as amended, the Kansas Wage Payment Act, as amended and the Kansas Overtime laws, including any and all claims for unpaid overtime, liquidated damages, unpaid wages, deductions, breach of contracts, minimum wages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime and other alleged wage and hour violations.

14.    "**Anticipated Global Settlement Amount**" means the anticipated total maximum amount of the ~~settlement available to be claimed~~ settlement claimed by (i) the FLSA Collective Class Members who become FLSA Qualified Class Members, (ii) for Class Counsel for costs, attorney's fees and expenses, (iii) payment made to the Named Plaintiffs and FLSA Qualified Class Members under the terms outlined in section III.A and its subsections, and (iv) payment of appropriate payroll withholdings, social security, payroll taxes and all other settlement related payments referenced under section III.A and its subsections. In this matter, the Anticipated Global Settlement Amount is Two Hundred Ninety-Seven Thousand Six Hundred Eighty-One Dollars and No Cents ($297,681.00).

15.    "**Parties**" means the Named Plaintiffs, opt-in plaintiffs and Wyandot Center.

16.    "**Released Parties**" means Wyandot Center, its owners, parent, subsidiary or affiliate companies (except Wyandot, Inc., PACES, Inc., and Kim Wilson Housing Inc., who pursuant to this Agreement will be dismissed from this Litigation without prejudice), stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, divisions, benefit plans, plan fiduciaries and/or administrators, insurers, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation.

## II.    RECITALS.

1.    The Named Plaintiffs filed a Complaint in this action against Wyandot Center, Wyandot, Inc., PACES, Inc., and Kim Wilson Housing Inc. alleging that these organizations violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.,

{6273889.DOCX; 1}                3

and state laws by refusing and failing to pay their Case Managers overtime pay. The Named Plaintiffs also alleged the following state law claims: (1) unjust enrichment; (2) failure to pay earned overtime; (3) quantum meruit; and (4) breach of contract.

2.      Wyandot Center, Wyandot, Inc., PACES, Inc., and Kim Wilson Housing deny that they owe any unpaid wages or overtime compensation to the Named Plaintiffs or any other person and deny violating the FLSA, or any other federal, state and/or local wage and hour laws or regulations relating to the payment of compensation and wages and maintain that they have at all times properly compensated the Named Plaintiffs and all other persons.

3.      The Named Plaintiffs and Wyandot Center have exchanged factual disclosures, conducted some discovery including the production of documents and other information pursuant to the Court rules, and such disclosures have enabled each party to understand and assess the detail and substance of their respective claims and defenses.

4.      A bona fide dispute exists between the Named Plaintiffs and Wyandot Center, Wyandot, Inc., PACES, Inc., and Kim Wilson Housing Inc. as to the amount, if any, of overtime owed to the Named Plaintiffs, the FLSA Collective Class Members and others who claim to be similarly situated.

5.      As part of this Agreement the Parties will jointly file in this Litigation a Stipulation of Dismissal Without Prejudice of all claims asserted by the Named Plaintiffs and on behalf of the FLSA Collective Class Members against Wyandot, Inc., PACES, Inc., and Kim Wilson Housing in light of the Parties' reading of the Tenth Circuit Court of Appeals decision, *Hamby v. Associated Centers for Therapy*, 230 Fed.Appx. 772 (10th Cir. 2007) (holding that a "family advocate" qualified for the administrative exemption under the FLSA). Accordingly, this Agreement will resolve only the claims of the Named Plaintiffs and FLSA Qualified Class Members against Wyandot Center.

6.      Class Counsel conducted a thorough investigation into the facts of the Litigation, including the discovery of documents concerning the employment policies, procedures, records and training materials related to the allegations of the Named Plaintiffs on behalf of the FLSA Collective Class Members and diligently pursued an investigation of the members' claims against Wyandot Center. Based on their investigation and evaluation, the Named Plaintiffs and Class Counsel are of the opinion that the amounts set forth in the Global Settlement Amount and the terms set forth in this Agreement are fair, reasonable, adequate and are in the best interests of the FLSA Collective Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Wyandot Center, and potential appellate issues.

7.      It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all FLSA Released Claims against all

Released Parties.

8.     The Named Plaintiffs and Wyandot Center desire to enter into this Agreement, with the approval of this Court, to fully and finally settle, resolve and dismiss with prejudice this dispute, the Named Plaintiffs' individual claims, and the claims of the FLSA Qualified Class Members who chose to participate in this Settlement under the FLSA and state law claims in the Litigation. Other than payment of the amounts set forth in the Global Settlement Amount, or other amounts expressly specified in this Agreement, Wyandot Center shall have no further financial obligation with respect to the FLSA Released Claims.

9.     This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties or the Released Parties. The Parties further acknowledge and agree that this Agreement shall not be used to suggest an admission of liability in any dispute that any of the Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Agreement, shall constitute evidence with respect to any issue or dispute, including, without limitation, the propriety of collective class treatment in any Litigation, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

III.    **AGREEMENT.**

After due consideration of all relevant factors, including the matters contained in the recitals set forth above, the parties agree as follows:

A.    **Consideration**

1.    Wyandot Center agrees to aan ~~maximum~~ Anticipated Global Settlement Amount of Two Hundred Ninety-Seven Thousand Six Hundred Eighty-One Dollars and No Cents ($297,681.00), inclusive of Class Counsel's attorney's fees, expenses and costs, to resolve the claims of all Case Managers employed by Wyandot Center during the preceding two-year period from the date the FLSA Collective Class Members' FLSA Opt-In Settlement Consent Forms are filed with the Court ("FLSA Covered Period"). Subject to Court approval, this amount will be distributed as follows:

a.    Class Counsel is requesting attorney's fees, expenses and costs in the amount of Ninety-Four Thousand Two Hundred Twenty-Seven Dollars and No Cents ($94,227.00). Wyandot Center has agreed to leave the amount of this award to the Court's discretion and will not oppose Class Counsel's application for this amount. Class Counsel shall provide tax payer identification numbers for Class Counsel and an

executed W-9 form within five (5) days of the filing of this document. Wyandot Center shall issue to Class Counsel an IRS Form 1099 for this amount. Such payment for Class Counsel's attorney's fees, expenses and costs shall be made within sixty (60) days of the Court enters an Order approving the Motion for Approval of Settlement. Except for the fees, costs, and other expenses set forth in this section, the Parties shall bear responsibility for their own fees, costs and expenses incurred by them or arising out of this Litigation and will not seek reimbursement thereof from any party to this Agreement or the Released Parties.

b.      Named Plaintiffs Daryl Jones, Alice Lamar and Sarah Romero will each receive from the Global Settlement Amount an incentive award of Five Thousand Dollars and No Cents ($5,000.00) for their service as class representatives and litigating this matter for the benefit of the class and FLSA Qualified Class Members. This amount will be considered non-wage damages to which Wyandot Center will issue this to individuals an IRS Form 1099. This amount will be in addition to any payments made to Named Plaintiffs Daryl Jones, Alice Lamar and Sarah Romero pursuant to sections III.A.1.c. and III.A.1.d and will be administered from the Global Settlement Amount at the same time and under the same terms provided for in section IIII.A.1.f.

c.      The FLSA Qualified Class Members shall be paid in pro rata apportionment of the Anticipated Global Settlement Amount after deductions are made from such funds as set forth in sections III.A.1. The pro rata apportionment of the Anticipated Global Settlement Amount will be based on the Damages Model attached as Exhibit D. proportionate to theIndividual damages are based on the number of full work weeks you worked during the time period covered by the lawsuit, the stipulated overtime compensation rate of Nineteen Dollars and Twenty Three Cents ($19.23) and the stipulated number of overtime hours worked: 2 hours per full work week worked. For purposes of this Settlement and computing settlement payments to FLSA Qualified Class Members, the parties stipulate that there are forty-nine (49) work weeks in a year and ninety-eight (98) work weeks in a two-year period. The maximum amount paid to a Collective Class Member under this subsection will be Three Thousand Seven Hundred Sixty-Nine Dollars and Eight Cents ($3,769.08), applied to the Global Settlement Amount. Each FLSA Qualified Class Member's pro rata portion of the

Formatted: Font: (Default) Arial

~~Global Settlement Amount individual settlement~~~~kenebt~~ ~~an~~mount will be determined by the Claims Administrator based on Wyandot Center's books and records.

d.    The FLSA Qualified Class Members will be paid liquidated damages ~~not to exceed~~of 50% of the payment referenced in section III.A.1.c. for the time period covered by the lawsuit. The maximum amount of liquidated damages each FLSA Qualified Class Member will receive is One Thousand Eight Hundred Eighty-Four Dollars and Fifty Four Cents ($1,884.54).

e.    The payment of wages to each FLSA Qualified Class Member shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, social security, payroll taxes, and all other settlement related payments will be reported on an IRS Form W-2. The separate payment of liquidated damages to each FLSA Qualified Class Member will not be subject to payroll taxes and withholdings, and will be reported on an IRS Form 1099. Each FLSA Qualified Class Member is responsible to pay their own tax obligations and Wyandot Center makes no representations and disclaims any responsibility to withhold amounts that fully discharge anyone's tax obligations. Each FLSA Qualified Class Member is obligated to consult with their accountant or other tax advisor regarding the tax consequences of the Settlement Payments. If any payments to the FLSA Qualified Class Members are returned by the postal service as undeliverable, Wyandot Center and its counsel will assist Class Counsel in correcting any address errors and the payments will be promptly re-mailed to the correct address.

f.    To participate in the settlement, FLSA Collective Class Members must properly and timely (1) provide the Class Administrator with a fully executed FLSA Opt-In Settlement Consent Form, which provides consent to the terms of this Agreement and releases and waives wage and hour claims, including any and all claims for compensation based upon wages or salary concerning the FLSA Collective Class Member's employment with Wyandot Center; and (2) their completed W-9 to process their Settlement Payments. Each FLSA Collective Class Member will have forty-five (45) days from the date of the mailing of the Notice of FLSA Collective Action Settlement and other Class Notice Documents to opt-in to the Settlement. Any remaining unclaimed funds (*i.e.*, the Reversion Amount) will revert to Wyandot Center 30

days after the close of the notice period. Payment to the FLSA Qualified Class Members will be made within forty-five (45) days after the notice period has closed.

g.      The parties will cooperate and take all necessary steps to effectuate final judicial approval of this settlement. Wyandot Center and its counsel agree to share with Class Counsel any information necessary to confirm the fairness of this settlement and the equitable distribution of settlement among the FLSA Qualified Class Members. Plaintiffs agree to share with Wyandot Center any information necessary to confirm the fairness of this settlement and effectiveness of the releases contemplated herein, including documents that confer Named Plaintiffs' authority to bind the opt-in plaintiffs to this Agreement.

h.      Payments made under this Agreement are not intended to and will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Wyandot Center's bonus, pension, retirement programs or 401(k) plans maintained by Released Parties, their parent, subsidiary or affiliate companies. Nor will such payments count as earnings or compensation with respect to, or be considered to apply to, or be applied for purposes of Wyandot Center's bonus, pension, retirement programs or 401(k) plans maintained by Released Parties, their parent, subsidiary or affiliate companies. Wyandot Center retains the right, if necessary, to modify the language of its benefit plans and pension, bonus and other programs, if necessary, to make clear that any amounts paid pursuant to this Agreement are not for hours worked, hours paid or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting benefit accrual or any other purpose.

**B.      Notice to FLSA Collective Class Members**

Within ten (10) days after the FLSA Approval Date, the Claims Administrator will send the Notice of FLSA Collective Action Settlement (the "FLSA Notice"), substantially in the form attached as **Exhibit B**, the FLSA Opt-In Settlement Consent form, substantially in the form attached as **Exhibit C**, and an IRS W-9 form, to FLSA Collective Class Members by First Class Mail. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the FLSA Collective Class Member received the Notice of FLSA Collective Action Settlement. Regarding envelopes returned within thirty (30) days of mailing, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the

envelope to such address within five (5) days of the receipt of the returned envelope. In that instance, the Notice of FLSA Collective Action Settlement shall be deemed received once it is mailed for the second time.

**C.**    **Release of Claims**

In exchange for the settlement amount identified in section A, each FLSA Qualified Plaintiff, through the Named Plaintiffs, releases Wyandot Center, its parent, subsidiary or affiliate companies (except Wyandot, Inc., PACES, Inc., and Kim Wilson Housing Inc., who pursuant to this Agreement will be dismissed from this Litigation without prejudice), their past, present and future agents, officers, directors, and employees and the Released Parties from any and all claims, damages, and liabilities of any nature or origin whatsoever now existing that in any way relate to unpaid wages from his or her employment with Wyandot Center, including but not limited to claims for equitable relief, compensatory, penalties, pre-judgment or post-judgment interest, punitive or other damages, expenses (including attorney's fees), or costs of any kind, arising before the Named Plaintiffs sign this Agreement. The claims that FLSA Qualified Class Members are releasing include, but are not limited to, all claims in any way connected with the FLSA Qualified Class Members' employment by Wyandot Center and the ending of the FLSA Qualified Class Members' employment, and specifically include all claims that were raised or could have been raised by Named Plaintiffs in the Litigation that relate to (a) overtime compensation; (b) unpaid wages, commissions, earnings, salaries, fees, severance, bonuses, benefits, additional pay, or other monies or payments from Wyandot Center; (c) any contracts for wages; (d) penalties; and (e) any other wage-related recovery provision of federal, state or local constitution, law, regulation, ordinance or common law, including, but not limited to the Fair Labor Standards Act, the Kansas Wage Payment Act and the Kansas Overtime laws.

**D.**    **No Assignment**

Class Counsel and Named Plaintiffs, on behalf of the FLSA Collective Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation, or any related action.

**E.**    **Non-Admission of Liability**

By entering into this Agreement, Wyandot Center in no way admits and expressly denies that any violation of law or any liability is owed to Named Plaintiffs and the FLSA Qualified Class Members, individually or collectively. Wyandot Center further in no way admits and expressly denies that collective class treatment is appropriate in this lawsuit, except for the purposes of the Court approving this Agreement. Rather, Wyandot Center enters into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Named Plaintiffs and the FLSA Qualified Class Members. The Parties

{6273889.DOCX; 1}                                        9

understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute.

F.     **Court Approval of Settlement and Dismissal of Case**

The Parties agree to jointly seek the Court's approval of the terms of this Agreement. The Parties further agree that, before filing any pleading or other documents containing or referring to the terms of this Agreement, the Parties shall first seek leave of the Court to submit such pleadings or other documents under seal or otherwise in a manner that protects the terms of this Agreement from public disclosure. Each current FLSA Qualified Class Member, through the Named Plaintiffs representatives, agrees to cooperate, and participate as necessary, in any proceedings related to the Court's approval of the terms of this Agreement. Each current FLSA Qualified Class Member, through the named Plaintiffs representatives, also agrees to dismiss this Litigation with prejudice, on the condition that the Court retains jurisdiction to administer and enforce the terms of this Agreement.

As soon as practical and without undue delay, the Parties will submit to the Court a joint motion for approval of the Agreement and authorization of the Notice of Settlement. A proposed order representing the Approval Order of the FLSA Collective Action Settlement in substantially the form that the Parties will file with the Court is attached as **Exhibit A**.

G.     **Covenant Not to Sue**

Each current FLSA Qualified Class Member, through his or her Named Plaintiffs representatives, on his or her own behalf and on behalf of his or her heirs, executors, administrators, successors, and assigns, covenants and agrees to never commence, prosecute, ~~voluntarily assist *(i.e.,* this Release precludes the Named Plaintiffs and the FLSA Qualified Class Members from discussing issues relating to the Lawsuit, settlement discussions occurring in the Lawsuit, this Agreement and precludes them from voluntarily offering information regarding their employment with Wyandot Center to third parties without prompting; but does not preclude the Named Plaintiffs and FLSA Qualified Class Members from responding to questions from third parties relating to their employment duties at Wyandot Center)~~ or cause to be commenced or prosecuted, any action or other proceeding, whether in a representative or individual capacity or as a member of a collective/class action, against Wyandot Center, its agents, representatives, servants, employees, insurers, ~~parent, subsidiary or affiliate companies,~~ shareholders, board members, predecessors, successors, and assigns for any and all liability, claims, demands, causes of action, suits, debts, charges, complaints, obligations, promises, agreements, controversies, damages and expenses (including attorneys' fees, expenses and costs) of any nature whatsoever, known or unknown, in law or equity, in connection with any of the facts alleged or that could have been alleged or liabilities or damages sought or that could have been sought related to or arising out of the FLSA Qualified Class Members' wages, paid or not paid, during

{6273889.DOCX; 1}                                        10

their employment with Wyandot Center.

H.   ~~Confidentiality~~

~~The Parties (including those individuals who opt-in to the Settlement) agree that (a) the terms of this Agreement; (b) the negotiations leading to this Agreement; and (c) the events underlying the basis of the FLSA Collective Class Members and Named Plaintiffs' lawsuit against Wyandot Center shall be kept confidential and shall not be disclosed to any third party at any time, except to each FLSA Qualified Class Member's spouse and as may be required in connection with the parties' consultation with their own counsel, the preparation of income tax returns, or unless otherwise required by process of law. Moreover, this Agreement and its terms shall not be used or disclosed in any court, arbitration or other legal proceeding, except to enforce the provisions of this Agreement. The Parties further agree that they will not pursue, voluntarily assist (i.e., this Release precludes the Named Plaintiffs and FLSA Qualified Class Members from discussing issues relating to this Lawsuit, settlement discussions occurring in the Lawsuit, this Agreement and precludes them from voluntarily offering information regarding their employment duties at Wyandot Center), or encourage any other individual, agency, organization or other similar entity in the prosecution of any claim, lawsuit, charge, complaint or other civil action, against the other, arising from or in any way related to any of the FLSA Qualified Class Member's employment at Wyandot Center, unless the party is directed to do so pursuant to subpoena or valid court order, provided that prior written notice first be given to counsel for the other party (who, for purposes of this paragraph shall be Deryl W. Wynn and Teresa A. Mata, McAnany, Van Cleave & Phillips, P.A., 10 East Cambridge Circle Drive, Suite 300, Kansas City, Kansas 66103, (913) 371-3838, and Ryan M. Paulus of Hollingshead, Paulus & Eccher, 8350 N. St. Clair Avenue, Suite 225, Kansas City, MO 64151, (816) 581-4040.~~

I.~~H.~~   **Represented by Counsel**

The Parties stipulate and acknowledge that each has been represented by counsel throughout the litigation and settlement process of this dispute and have decided with the advice of counsel and free of any duress or coercion to enter into this Agreement. The Parties stipulate and acknowledge that they have read this Agreement and understand its terms. The Parties also acknowledge that this Agreement was jointly prepared and reviewed by them, by and through their respective legal counsel, and any uncertainty or ambiguity existing shall not be interpreted against either of the Parties, but otherwise according to the application of the rules on interpretation of contracts.

J.~~I.~~   **Named Plaintiffs' Authorization to Class Counsel**

Class Counsel, on behalf of the FLSA Collective Class Members and the FLSA Qualified Class Members is expressly authorized by the Named Plaintiffs to take all appropriate action required or permitted to be taken by the FLSA Qualified Class Members pursuant to this Agreement to effectuate its terms, and is expressly authorized to enter into modifications or amendments to this Agreement on behalf of the FLSA

{6273889.DOCX; 1}                    11

Collective Class Members and the FLSA Qualified Class Members that Class Counsel deems appropriate.

**K.J.   Mutual Full Cooperation**

The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement and effectuate the terms of this Agreement.

**L.K.   Compliance**

Wyandot Center agrees to take any and all necessary steps to comply with federal, state and/or local law in its future job classifications and payments made to Case Managers.

**M.   Future Inquiries**

Except for cooperating with the Claims Administrator in the mailing of the notice to opt-in to prospective FLSA Collective Class Members, Class Counsel agrees not to directly solicit class members who have not opted-in or submitted a claim as of the date this Agreement is executed. Class Counsel further agrees not to directly solicit Wyandot Center employees or employees of its parent, subsidiary or affiliate companies, whether current or former, as clients in any claims they may have against Wyandot Center, its parent, subsidiary or affiliate companies or the Released Parties. Class Counsel further hereby acknowledges that any services rendered as set forth in this paragraph shall be deemed as a continuation of the administrative functions of this settlement for which no additional attorneys' fees or costs shall accrue against, or to be paid by Wyandot Center.

**N.L.   Governing Law**

This Agreement shall be interpreted under the laws of the State of Kansas and shall be binding on the parties hereto, their successors and assigns. Jurisdiction and venue for any action arising out of this Agreement shall be solely in the United States District Court for the District of Kansas.

**O.M.   Entire Agreement**

The Parties agree that this is the entire agreement concerning the settlement of the disputes described above, and that no representations or inducements have been made by either side except as set forth herein. This agreement cannot be amended, modified or supplemented in any respect except by written agreement entered into by both Parties.

**P.N.   Counterparts**

{6273889.DOCX; 1}                                12

This Agreement may be signed in two or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Any photocopy of the executed original or of any counterpart shall be deemed to be an original for any and all purposes. The Parties also agree that the executed counterparts may be delivered to the other Party by facsimile or e-mail shall be deemed an original copy.

### Q.O.   Severability of Provisions

The provisions of this Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provision. If the Settlement is rejected by the Court, than it will be construed as having no force or effect, and the parties will revert to their respective positions immediately before execution of the Settlement and Release Agreement.the parties will work together in resolving any concerns of the Court regarding the terms and conditions of this Agreement.

### R.P.   Successors/Assigns

This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

### S.Q.   Authority

Each of the Parties represents that the person signing this Agreement on its behalf has full authority to bind such party to this Agreement.

### T.R.   Interpretations

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

### U.   Settlement of Disputes

All disputes relating to this Agreement and its implementation shall be within the continuing jurisdiction of the Court over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out.

**SIGNATURES ON FOLLOWING PAGES**

{6273889.DOCX; 1}                    13

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed by their respective duly authorized representatives.

        I, DARYL JONES, AGREE THAT I AM VOLUNTARILY ENTERING INTO THIS BINDING AGREEMENT.

_____

PLAINTIFF, DARYL JONES

STATE OF _____     )
                              ) ss.
COUNTY OF _____     )

        DARYL JONES, being of lawful age and being first duly sworn, states that he has read and understands this entire Settlement Agreement and Full Release of All Claims, and that he executes the same voluntarily, knowing, and of his own free will, and that the same is true and binding.

        Subscribed and sworn to before me on this _____ day of _____, 2014.

_____

        Notary Public

My Commission expires:

_____

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed by their respective duly authorized representatives.

I, ALICE LAMAR, AGREE THAT I AM VOLUNTARILY ENTERING INTO THIS BINDING AGREEMENT.

_____
PLAINTIFF, ALICE LAMAR

STATE OF _____      )
                                                        ) ss.
COUNTY OF _____        )

ALICE LAMAR, being of lawful age and being first duly sworn, states that she has read and understands this entire Settlement Agreement and Full Release of All Claims, and that she executes the same voluntarily, knowing, and of her own free will, and that the same is true and binding.

Subscribed   and   sworn   to   before   me   on   this   _____   day of _____, 2014.

_____
Notary Public

My Commission expires:

_____

{6273889.DOCX; 1}                    15

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed by their respective duly authorized representatives.

I, SARAH ROMERO, AGREE THAT I AM VOLUNTARILY ENTERING INTO THIS BINDING AGREEMENT.

_____
PLAINTIFF, SARAH ROMERO

STATE OF _____          )
                                  ) ss.
COUNTY OF _____          )

SARAH ROMERO, being of lawful age and being first duly sworn, states that She has read and understands this entire Settlement Agreement and Full Release of All Claims, and that she executes the same voluntarily, knowing, and of her own free will, and that the same is true and binding.

Subscribed   and   sworn   to   before   me   on   this   _____   day of _____, 2014.

_____
Notary Public

My Commission expires:

_____

{6273889.DOCX; 1}                   16

WYANDOT CENTER FOR
COMMUNITY BEHAVORIAL
HEALTHCARE, INC.
("WYANDOT CENTER").

Dated:_____    By:_____
                                    RANDY CALLSTROM


Attest:_____    Title:_____

## NOTICE OF FLSA COLLECTIVE ACTION SETTLEMENT

[_____, 2014]

**[Employee]**

**RE: *Daryl Jones, et al. v. Wyandot Center for Community Behavioral Healthcare, Inc.*;**
United States District Court for the District of Kansas, Case No.: 14-cv-02112-CM-TJJ
<u>Notice of Fair Labor Standards Act Litigation Settlement</u>

**This Notice affects your rights.
Please read it carefully.**

**This is not a solicitation from a lawyer. The United States District Court for the District of Kansas has authorized this Notice.**

Dear **[Employee]:**

You are receiving this correspondence because you are eligible to join in a Settlement with Wyandot Center for Community Behavioral Healthcare, Inc. ("Wyandot Center"), regarding its current and former Case Managers. If you choose to participate in this settlement with Wyandot Center you will receive a payment for wages minus applicable taxes and payroll deductions and a separate payment of liquidated damages. Enclosed are the following documents for your review: (1) Order Approving Settlement (Dkt. No. _____); (2) the Settlement Agreement and Full Release of All Claims; (3) FLSA Opt-In Settlement Consent Form; (4) necessary tax document, i.e., IRS Form W-9; and (5) a self-addressed, postage prepaid return envelope.

**To participate in this Settlement and obtain your two gross Settlement Payments set forth above you must properly execute and timely return the enclosed ("Class Notice Documents") attached to this Notice: (1) FLSA Opt-In Settlement Consent Form; and (2) executed W-9. These documents must be returned to:**

> **McAnany, Van Cleave & Phillips, P.A.**
> **c/o Deryl W. Wynn**
> **10 East Cambridge Circle Drive, Suite 300**
> **Kansas City, Kansas 66103**

**post-marked on or before _____, 2014, if you are to receive your potential share of the settlement proceeds as part of this lawsuit. The day after the 45-day notice period closes, Wyandot Center's legal counsel will file each individual Plaintiff's executed FLSA Opt-in Settlement Consent form with the Court.**

{6273869.DOCX; 1}                    1

**If you do not properly execute and timely return the executed Class Notice Documents you will not be a part of this Settlement, you will receive no money, you will not be subject to the Settlement and the lawsuit and Settlement will have no effect on you. <u>Because of the operative statutes of limitations applicable to this case, you may lose any right, if such right exists, to recover in the future for these claims if you do not join this Settlement. There has been no Order entered in this lawsuit halting or tolling the various statutes of limitations.</u>**

By executing the FLSA Opt-In Settlement Consent form, you will agree to the terms of the enclosed Settlement Agreement and Full Release of All Claims and will release and waive any claims for unpaid wages that were earned and/or due for work performed during any and all periods of your employment prior to you executing this Agreement form.

**THE LAWSUIT**

On March 7, 2014, a lawsuit was filed by Plaintiffs Daryl Jones, Alice Lamar and Sarah Romero in federal court in Kansas alleging that Wyandot Center, Wyandot, Inc., PACES, Inc. and Kim Wilson Housing Inc.: (1) misclassified their Case Managers as exempt employees; 2) failed and refused to properly pay overtime compensation for hours worked beyond the standard forty hour work week; (3) failed to accurately record hours worked by their Case Managers; and (4) failed to pay their Case Managers for all hours worked at a proper legal rate, including overtime compensation.

The Complaint in the lawsuit contends that Wyandot Center, Wyandot, Inc., PACES, Inc. and Kim Wilson Housing Inc. violated various state and federal wage and hour laws with respect to Case Managers, including laws regarding the proper rate of pay and overtime wages governed by the Fair Labor Standards Act ("FLSA"). Wyandot Center, Wyandot, Inc., PACES, Inc. and Kim Wilson Housing Inc. have denied, and continue to deny all allegations in this lawsuit, particularly in light of their reading of the Tenth Circuit Court of Appeals decision, *Hamby v. Associated Centers for Therapy*, 230 Fed.Appx. 772 (10th Cir. 2007), where the Court held that a "family advocate" qualified for the administrative exemption under the FLSA.

The Named Plaintiffs, Daryl Jones, Alice Lamar and Sarah Romero have consulted with their attorney, Ryan M. Paulus of the law firm Hollingshead, Paulus & Eccher, and recognize the inherent risks in this litigation. As such, the Named Plaintiffs negotiated this Settlement that provides for direct monetary payments to the Eligible Plaintiffs in this lawsuit. On _____, 2014, the Court approved the lawsuit as a collection action under Section 16(b) of the FLSA, for settlement purposes. The attorney for the Named Plaintiffs/Class Representatives believe that the Settlement described in this Notice is fair, reasonable, adequate and is in the best interests of the Settlement Class.

{6273869.DOCX; 1}                    2

## THE SETTLEMENT

The parties have agreed to a Settlement, and you can participate in the Settlement in exchange for a release of "Released Claims" by the "Released Parties." Generally, as defined in the court-approved Settlement Agreement, "Released Parties" means Wyandot Center for Community Behavioral Healthcare, Inc. and related individuals and entities (except Wyandot, Inc., PACES, Inc., and Kim Wilson Housing Inc., who pursuant to the Settlement Agreement will be dismissed from this lawsuit without prejudice), and "Released Claims" means all wage and hour claims that were or could have been asserted in the Complaint, but the full definition of those terms are set forth in the Settlement Agreement. Those eligible to participate in the Settlement includes individuals who worked as a Case Manager for Wyandot Center in Kansas City, Kansas during the preceding two years from the date your FLSA Opt-In Settlement Consent Form is filed with the Court by Wyandot Center's legal counsel.

## SETTLEMENT AMOUNT

The proposed Settlement obligates Wyandot Center to pay a ~~maximum settlement~~anticipated settlement amount (referred to in the proposed Settlement Agreement and Release as the "Global Settlement Amount") of Two Hundred Ninety-Seven Thousand Six Hundred Eighty-One Dollars and No Cents ($297,681.00). This payment is "all inclusive", which means that it includes, but is not limited to: unpaid overtime pay, unpaid wages, back pay, back wages, liquidated damages, any and all associated penalties, interest, costs, attorney's fees, class administration costs, incentive awards to the Named Plaintiffs/Class Representatives (Daryl Jones, Alice Lamar and Sarah Romero), payroll withholdings, social security, payroll taxes, and all other settlement related payments, withholdings and costs. All claims submitted by members of the Plaintiff Class, and all other attorney's fees, costs, penalties, incentive awards and payment to the Class Representatives, and claim administrative expenses shall eligible to be paid in whole or part out of the Global Settlement Amount. From this anticipated amount, Ninety-Four Thousand Two Hundred Twenty-Seven Dollars and No Cents ($94,227.00) will be deducted for Plaintiffs' attorney's fees and expenses. ~~The remaining amount will be divided among the Eligible Plaintiffs including amounts for payroll withholdings and other settlement related payments.~~ Through this Settlement, all Eligible Plaintiffs will receive two pro-rata payments ((1) wages; and (2) liquidated damages) of the remaining Settlement amount, with the Named Plaintiffs/Class Representatives each receiving an incentive pay in the amount of Five Thousand Dollars and No Cents ($5,000.00).

Each individual Plaintiff's first Settlement Payment is considered wages and shall be subject to the withholdings of all applicable local, state and federal taxes and shall be reported on an IRS Form W-2. Plaintiff's second Settlement Payment is considered liquidated damages and shall be reported on an IRS Form 1099. The members of the Plaintiff Class will be responsible to pay their own tax obligations and Wyandot Center makes no representations and disclaims any responsibility to withhold amounts that fully

{6273869.DOCX; 1}                    3

discharge anyone's tax obligations. Please consult with your accountant or other tax advisor regarding the tax consequences of the Settlement amounts paid to you.

## YOUR SETTLEMENT PAYMENTS

Your Settlement Payments will be subject to Court approval and is based on a formula that takes into account a number of factors including the number of full work weeks you actually worked during the preceding two-year time period preceding the date your Consent form is filed with the Court, the overtime compensation rate of Nineteen Dollars and Twenty-Three Cents ($19.23) and the stipulated number of hours of overtime worked each week in the preceding two-year period; 2 hours per full work week worked. For purposes of this Settlement and computing settlement payments to FLSA Qualified Class Members, the parties stipulate that there are forty-nine (49) work weeks in a year and ninety-eight (98) work weeks in a two-year period. If you wish to participate in the Settlement, you must sign and return the enclosed Class Notice Documents attached to this Notice no later than 45 days from the date of mailing. Any unclaimed amounts of the Superclass Fund will revert back to Wyandot Center 30 days after the notice period has closed.

**Formatted:** Font: (Default) Arial

## COURT APPROVAL

The Settlement is subject to Court approval finding the terms of settlement to be fair, reasonable and adequate and in the best interests of the Class. The Court must also find that the existence of a bona fide dispute between the parties. By signing and returning the enclosed Consent form you agree to "opt-in" to this lawsuit and agree not to sue any of the "Released Parties", and you will be prohibited by the Order of this Court from pursuing any and all of the "Released Claims" defined in the court-approved Settlement agreement.

Failure to return these Class Notice Documents on or before the deadline will prevent you from receiving any settlement check. **Keep a record of mailing to verify the date you mailed your executed Class Notice Documents.**

## YOUR CHOICES

As stated above, if you wish to participate in the settlement, you must execute and return the enclosed Class Notice Documents on or before the deadline. Even if you have already joined the lawsuit by previously filing a FLSA Opt-In Settlement Consent form, you are still required to sign and return the enclosed Consent to Join Action and Settlement in order to participate in this Settlement. Alternatively, you can choose to do nothing. If you do not execute and return the enclosed Class Notice Documents, you will be unable to participate in the settlement, you will not be subject to the judgment in this case, and the lawsuit and settlement will have no effect on you except as noted below with respect to claims under federal law.

{6273869.DOCX; 1}                             4

**NO RETALIATION**

If you currently work for Wyandot Center, no one at Wyandot Center will retaliate against you for accepting this offer of settlement. If you are no longer working for Wyandot Center, acceptance will not in any way affect or eligibility for rehire.

**FURTHER QUESTIONS**

If you want to ask questions when deciding whether to accept this offer, or need to change your address, you may contact Ryan M. Paulus, Hollingshead, Paulus & Eccher, 8350 N. St. Clair Avenue, Suite 225, Kansas City, Missouri, 64151, (816) 581-4040, r.paulus@hpelaw.com. Please do not call or write the Court about this Class Notice.

Respectfully,

Deryl W. Wynn, Teresa A. Mata and Ryan M. Paulus

Enclosures

{6273869.DOCX; 1}                    5